UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves*, <br>        Plaintiff, <br><br> vs. <br><br> IDENTEGO/IDEMIA, <br> South Carolina Law Enforcement Division, <br>        Defendants. | ) C/A No. 3:22-1399-TLW-TER <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

  This is a civil action filed by a *pro se* litigant, proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

## STANDARD OF REVIEW

  Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for her, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## **DISCUSSION**

Plaintiff has a number of pending actions and recently dismissed actions in this court; some of which involve the same factual allegations as the instant action. All of Plaintiff's actions are subject to review for potential summary dismissal as Plaintiff is proceeding *pro se* and *in forma pauperis*. The court reviews Plaintiff's complaints under 28 U.S.C. § 1915, which directs the court to summarily dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, as well as when monetary relief is sought from a defendant immune from such relief.

Plaintiff alleges she is suing SLED (a state agency) and IDENTEGO/IDEMIA(a nonstate actor) as defendants under the Fourth and Fourteenth Amendments and under 28 U.S.C. § 4101[1] and the Privacy Act (ECF No. 1 at 1).[2] Plaintiff then states her claims arise from a November 2021

---

[1] There is no private right of action under 28 U.S.C. § 4101. *Nurse v. A Better Choice Case Mgmt., LLC*, No. 9:21-CV-455-MBS-MHC, 2021 WL 3410791, at *6 (D.S.C. June 4, 2021), *report and recommendation adopted in part*, 2021 WL 3088047 (D.S.C. July 22, 2021)(recommitting to determine whether and to what extent Plaintiff engaged in sanctionable conduct). Section 4101 defines defamation in the context of foreign judgments, where an individual who has already received a favorable foreign judgment for the civil offense of defamation can use a domestic federal court to enforce that judgment; such is not the case here based on Plaintiff's factual allegations. *Vogt v. Hartery*, No. 1:20-CV-279, 2021 WL 6884866, at *3 (N.D.W. Va. Mar. 18, 2021), *report and recommendation adopted sub nom.*, 2022 WL 453737 (N.D.W. Va. Feb. 14, 2022).

[2] To the extent Plaintiff conclusorily states "Plaintiff states the claim of libel, slander, and defamation," allegations of defamation, slander, and libel fail to state a cognizable claim under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200-203 (1989). Plaintiff

incident involving a Georgia warrant; Plaintiff is pursuing claims in another action as to these events. (ECF No. 1 at 1).

In No. 4:22-cv-318, Plaintiff already attempted to pursue these exact same defendants based on the November 2021 incident and was warned (ECF No. 14, in No. 22-318) that her complaint in that action was subject to summary dismissal because the state agency was entitled to immunity and the other defendant was a nonstate actor. Plaintiff accordingly amended her complaint in that action, terminating the agency defendant and the nonstate actor and naming others, and the amended complaint was authorized for service only on some defendants and is currently proceeding with some represented defendants. No. 4:22-cv-318.

To the extent Plaintiff seeks monetary damages, Defendant SLED here is entitled to sovereign immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ( "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A state cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman,* 415 U.S. at 663. The State of South Carolina has not consented to be

---

has failed to state any claim to garner federal jurisdiction in this court.

sued in this case. S.C. Code Ann. § 15-78-20(e). This immunity extends to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Thus, state agency SLED is entitled to immunity and subject to summary dismissal.

It is a waste of judicial resources to request Plaintiff name actual persons as defendants instead of an agency as the court already did this in No. 4:22-cv-318 and Plaintiff is pursuing some individual defendants, regarding this same incident in that court action. A "complaint that merely repeats pending or previously litigated claims may be considered abusive and a court may look to its own records to determine whether a pleading repeats prior claims."*Spencer v. Rhodes*, 656 F. Supp. 458, 460 (E.D.N.C. 1987) (internal citations and quotations omitted). "Federal courts have a responsibility to assess the nature of the allegations presented in a civil action and determine whether the plaintiff's motive is to harass and vex the defendants or to seek redress for a legitimate claim." *Johnson v. Edlow*, 37 F. Supp. 2d 775, 776 (E.D. Va. 1999). When claims arose out of the same facts as the facts in an earlier-filed action, this court dismissed such a complaint where issues raised were directly related to issues in a pending action brought by the same Plaintiff. *Davis v. Colleton Cty. Mem'l Libr.*, No. 2:17-CV-2948-PMD-MGB, 2018 WL 2170338, at *2 (D.S.C. Apr. 12, 2018), *report and recommendation adopted*, 2018 WL 2149309 (D.S.C. May 10, 2018), *dismissed,* 2018 WL 6333601 (4th Cir. July 23, 2018); *see also, e.g., Reynolds v. Third Circuit Pub. Def. Office*, No. 4:17-cv-3469-BHH-MGB, 2018 WL 1322102, *5 (D.S.C. Feb. 6, 2018), *adopted by* 2018 WL 1124592 (D.S.C. Mar. 1, 2018); "[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous." *Paul v. de Holczer*, Case No. 3:15–2178–CMC–PJG, 2015 WL 4545974 (D.S.C. July 28, 2015) (holding that "the instant Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial

economy and efficiency"), *affirmed by* 631 Fed. Appx. 197 (4th Cir. February 4, 2016)*;Cox v. Cartledge*, No. 3:13–481–TMC, 2013 WL 1401684 (D.S.C. March 13, 2013), *adopted by* 2013 WL 1401674 (D.S.C. April 8, 2013) (same); *Sherron v. Perry*, 2016 WL 407303, *2 (W.D.N.C. February 2, 2016) (same). "Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000) (per curiam).

As to much of Plaintiff's numerous actions concerning a Georgia warrant and South Carolina arrest, the Fourth Circuit states the rule against claim splitting "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action."*Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015)(*quoting Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed.Appx. 256, 265 (4th Cir.2008)). The rule against claim splitting is a corollary to the principle of res judicata. *Id.* at 635. It is undisputed that it is within a district court's power dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Plaintiff has failed to state a claim upon which relief can be granted and this action is subject to summary dismissal for all the foregoing reasons.

## **RECOMMENDATION**

It is recommended that the District Court dismiss the Complaint in this case pursuant to § 1915(e)[3] *with prejudice and without issuance and service of process.*[4]

|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| September 22, 2022 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

---

[3] *See Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (affirming the district court's dismissal of two complaints pursuant to § 1915(e)(2)(B), even though the plaintiff was not a prisoner, because the plaintiff was proceeding *in forma pauperis*).

[4] In light of all of the foregoing, the undersigned recommends that the District Court decline to give Plaintiff an opportunity to amend. *See Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018); *Young v. Santos*, No. GLR-16-cv-1321, 2018 WL 1583557, at *6 (D. Md. Apr. 2, 2018); *McSwain v. Jobs*, No. 1:13-cv-00890, 2014 WL 12672619, at *1 (M.D.N.C. Jan. 6, 2014); *see also Boyd v. South Carolina*, No. 7:19-CV-00867-BHH-JDA, 2019 WL 2061495 (D.S.C. Mar. 28, 2019), *report and recommendation adopted,* 2019 WL 2057961 (D.S.C. May 9, 2019), *aff'd*, 773 Fed. Appx. 678 (4th Cir. 2019).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).